# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TERENCE REA,**

    **Plaintiff,**

**v.**                                                                                           Case No: 6:18-cv-655-Orl-31GJK

**ALEYSSA MARIE ARROYO MARRERO and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**

    **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Remand (13) filed by Defendant State Farm Mutual Automobile Insurance Company (henceforth, "State Farm"), and the response in opposition (Doc. 17) filed by the Plaintiff, Terence Rea ("Rea").

### I. Background

According to the allegations of the Complaint (Doc. 2), in August 2015 Rea and Defendant Aleyssa Marie Arroyo Marrero ("Marrero") were involved in an automobile accident, which was caused by negligence on Marrero's part. (Doc. 2 at 2). Rea is a Florida resident, State Farm is a resident of Illinois, and the parties agree that Marrero is a Florida resident.

Rea suffered significant injuries due to the accident and, among other things, was forced to undergo spinal surgery. (Doc. 1-6 at 2). Pre-suit medical bills provided by Rea's counsel to State Farm exceed $100,000. (Doc. 1-7). At the time of the accident, Marrero had only $10,000 per person in liability coverage, but Rea had $100,000 in uninsured/underinsured motorist

coverage through State Farm.  (Doc. 1-6 at 1).  After settling with Marrero, [1] Rea made a policy limits demand to State Farm.

Rea filed the instant suit in state court on March 21, 2018, asserting three claims: negligence against Marrero (Count I); breach of contract against State Farm (Count II); and an (unripe) statutory bad faith claim against State Farm (Count III).  State Farm removed the case to this Court on the basis of diversity jurisdiction on April 26, 2018.  (Doc. 1 at 2).  Rea argues that removal was improper for several reasons, including that diversity jurisdiction does not exist in this case and because State Farm failed to obtain Marrero's approval before removing it.

**II.    Analysis**

An action filed in state court of which a district court possesses original jurisdiction may be removed to federal court.  28 U.S.C. § 1441(a).  District courts possess original jurisdiction over cases, *inter alia*, in which the matter in controversy exceeds the value of $75,000 and the parties are citizens of different states.  28 U.S.C. § 1332(a)(1).  Rea argues that diversity jurisdiction does not exist because (1) State Farm has failed to demonstrate that the matter in controversy here has a value exceeding $75,000 and (2) both he and Marrero are citizens of Florida.  He also argues that State Farm violated the unanimity rule, which requires that in cases involving multiple defendants, all defendants must consent to removal.  *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 247–48, 20 S.Ct. 854, 44 L.Ed. 1055 (1900).

The first argument is easily disposed of.  Where, as here, a plaintiff has not claimed a specific amount of damages, removal is proper if it is facially apparent from the complaint that the

---

[1] It is not clear when the settlement occurred, but Rea's attorney notified State Farm in a letter dated March 4, 2016 that Marrero's insurer had settled with Rea and tendered its policy limit.  (Doc. 1-4 at 1).  A copy of the release given by Rea to Marrero's insurer (Doc. 1-4 at 2) was attached to the letter.

amount in controversy exceeds the jurisdictional minimum. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). If the jurisdictional amount is not apparent from the complaint, the court should look to the notice of removal and require evidence relevant to the amount in controversy at the time the case was removed. *Id.* State Farm points out in its Notice of Removal that, prior to filing suit, Rea made a policy limits claim supported by medical bills (which State Farm attached to the notice) exceeding $100,000 resulting from the accident – with more such bills still to come. Rea has not cited any evidence suggesting that his $100,000 presuit claim was overblown. Accordingly, the Court finds it more likely than not that the jurisdictional minimum has been met here.

As for the second argument, when a plaintiff names a non-diverse defendant solely to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court. *Henderson v. Washington Nat. Ins. Co*., 454 F.3d 1278, 1281 (11th Cir. 2006). In such a case, the plaintiff is said to have effectuated a "fraudulent joinder," and a federal court may appropriately assert its removal diversity jurisdiction over the case. *Id.* (citing *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate by clear and convincing evidence either that: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Id.* (citing *Parks v. New York Times Co*., 308 F.2d 474, 478 (5th Cir.1962). The United States Court of Appeals for the Eleventh Circuit has acknowledged that, under some circumstances, application of an affirmative defense (such as a release) can support a finding of fraudulent joinder in a removed

case.  *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1298 n. 3 (11th Cir. 2007) (citing *Henderson*, 454 F.3d at 1283–84 (11th Cir.2006)).

Rea argues that despite the settlement, Marrero is still a party to this pending litigation and therefore her citizenship must be considered in determining whether the parties are diverse. (Doc. 13 at 8-9).  Rea relies on a decision from this division – *Spaulding v. State Farm Mutual Automobile Insurance Co.*, Case No. 6:12-cv-1550-ACC-TBS, at *1 (M.D. Fla., Jan. 25, 2013) – holding that a settling defendant only becomes a nominal defendant after there has been a stipulated dismissal or entry of judgment with respect to the claims against that defendant.

However, *Spaulding* is not on point.   As in this case, it involved two defendants – State Farm and an individual, Glen Carter ("Carter").   It had been litigated in state court for nearly a year before Carter filed a notice of acceptance of a settlement offer from the plaintiff.  *Id.* at *2. Shortly thereafter, thinking Carter was now just a nominal defendant, State Farm removed the case without obtaining his consent.  *Id*.   The plaintiff argued, *inter alia*, that this violated the rule of unanimity, and Judge Conway agreed, noting that while the proposal for settlement reflected that the plaintiff would file a voluntary dismissal with prejudice as to Carter, that filing had not yet occurred, and Carter was therefore not a nominal defendant.   *Id.* at *4-*5.   In the instant case, however, the settlement was finalized long before suit was filed, so Marrero was nothing more than a nominal defendant from the outset.   Accordingly, the Court finds that the parties are diverse.   In addition, as the opinion in *Spaulding* implies, removing parties need not obtain consent from nominal defendants.   *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N. Am.*, 427 F.2d 325, 327 (5th Cir. 1970).[2]

---

[2] In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1081) (*en banc*), the United States

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Remand (Doc. 13) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 26, 2018.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.