# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TERENCE REA,**

    **Plaintiff,**

**v.**                                             Case No:   6:18-cv-655-Orl-31GJK

**ALEYSSA MARIE ARROYO MARRERO
and STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,**

    **Defendants.**

## ORDER

This matter comes before the Court *sua sponte*. In resolving the Motion for Summary Judgment (Doc. 15) filed by Defendant Aleyssa Marie Arroyo Marrero (henceforth, "Marrero"), the undersigned determined that a question existed as to whether the Court possessed subject matter jurisdiction over this case. Initially, the Court planned to allow discovery and hold an evidentiary hearing regarding the issue. (Doc. 39). However, the parties stipulated that all of the evidence needed to resolve the question had already been made part of the record and that no evidentiary hearing was needed. (Doc. 40). Accordingly, the Court now considers the issue of its subject matter jurisdiction.

    **I.**    **Background**

This suit arises out of an automobile accident that occurred on August 22, 2015. (Doc. 2 at 6). It involved vehicles driven by Marrero and by the Plaintiff, Terence Rea ("Rea"), as well as a third vehicle, which was being driven non-party Diann McMurtrie ("McMurtrie"). (Doc. 2 at 6). Rea contends that Marrero negligently rear-ended the vehicle driven by McMurtrie, causing it

to strike the vehicle containing Rea and his minor son, Jack. (Doc. 2 at 6). At the time of the accident, non-party Foremost Insurance Group ("Foremost") insured Marrero; her policy had bodily injury liability limits of $10,000 per person and $20,000 per occurrence. (Doc. 15 at 2). Rea had uninsured/underinsured motorist coverage through Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). (Doc. 2 at 3-4).

Rea filed this suit in state court on March 21, 2018, asserting a negligence claim against Marrero (Count I) and claims for breach of contract (Count II) and bad faith (Count III) against State Farm. (Doc. 2 at 8). State Farm timely removed the suit to this court. (Doc. 1). Marrero then filed a motion for summary judgment, arguing that Rea's claim against her had been settled before he filed the suit. (Doc. 15 at 2). On January 9, 2019, the Court denied Marrero's motion, finding that disputed issues of material fact existed as to whether the settlement discussions between the parties had actually resulted in a settlement. (Doc. 37 at 5).

In so doing, the Court noted that this determination also had implications with regard to subject matter jurisdiction. (Doc. 37 at 5-6). The case was removed from state court on the basis of diversity jurisdiction. (Doc. 1 at 1). However, it is undisputed that both Marrero and Rea were Florida citizens at the time of removal. Thus, if Marrero were properly a party to this suit, the requirements of 28 U.S.C. §1332 were not satisfied, and subject matter jurisdiction did not exist.

**II.     Legal Standards**

The federal courts are courts of limited jurisdiction, empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution and which have been entrusted to them by a jurisdictional grant authorized by Congress. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F. 3d 405, 409 (11th Cir. 1999) (citing *Taylor v. Appleton*, 30 F.3d

1365, 1367 (11th Cir. 1994)). A federal court is powerless to act without jurisdiction, and this requires the courts to inquire into whether they have jurisdiction at the earliest possible stage in the proceedings. *Id.* at 410. "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.*

The burden of establishing subject matter jurisdiction falls on the party invoking removal. *Id.* at 411-12. Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108 (3d Cir.1990); *Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir.1983)).

**III.    Analysis**

State Farm removed this case from state court on the basis of 28 U.S.C. § 1441(a), which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." State Farm asserted that this court possessed original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), which endows the district courts with such jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000,[1] exclusive of interest and costs, and is between … citizens of different states." (Doc. 1 at 2). Noting that both Rea and Marrero were citizens of Florida, State Farm argued that there was evidence that Rea settled with Foremost and "agreed to enter into a release of all claims"

---

[1] The parties agree that the amount in controversy exceeds $75,000.

against Marrero.  (Doc. 1 at 2-3).  Because of this, the argument continued, Marrero was not properly a party to Rea's suit, and therefore the requirements of 28 U.S.C. §1332(a)(1) were satisfied.  (Doc. 1 at 5).

Rea filed a motion to remand, arguing that Marrero was still a party to the case and therefore her Florida citizenship had to be considered in determining whether the parties were diverse.  (Doc. 13 at 8-9).  However, the case he cited in support of this argument dealt with a situation where removal occurred while the non-diverse party was in the process of settling rather than, as State Farm had alleged, a situation where the settlement had been finalized before the case had even been filed.  (Doc. 26 at 4).  Finding Rea's case to not be on point, the Court denied the motion to remand.  (Doc. 26 at 5).  However, as the Court is obligated to reach a conclusion regarding subject matter jurisdiction, it must now make a finding one way or the other as to whether Rea settled his claim against Marrero before filing this suit.

To that end, as the Court noted in the order denying the motion for summary judgment, the following facts are undisputed:

- Nicholas Panagakis ("Panagakis"), the attorney representing Rea and his son, sent a demand letter dated February 5, 2016 (henceforth, the "February 5 Letter") to Pablo Andrade ("Andrade"), a claims adjuster for Foremost, offering to settle both claims in exchange for Marrero's per-occurrence policy limit of $20,000.  (Doc. 15-1 at 1).

- Andrade responded by letter dated February 15, 2016, stating that Foremost "agree[s] to tender our named insured's bodily injury policy limits of $20,000" but explained that Foremost had "three parties presenting bodily injury claims" – *i.e.*, Rea and his son, plus McMurtrie – and would therefore "like to coordinate a global settlement conference within the next 10 days to

resolve this claim." (Doc. 15-2 at 1). Andrade then requested that Panagakis phone him to schedule such a conference. (Doc. 15-2 at 1).

- Andrade sent Panagakis another letter, dated March 1, 2016, saying that he was following up on a recent conversation with Panagakis's paralegal regarding Rea's claim. (Doc. 15-3). In pertinent part, the March 1 letter stated:

> We settled you [sic] client's bodily injury claim at $5,750.00. Enclosed you will have the check for the full amount of the settlement and our proposed release for the claim.

(Doc. 15-3 at 1). The check and the proposed release were attached to the March 1 letter. (Doc. 15-3 at 2-4). However, it is undisputed that Rea did not cash the check or sign the release.

- Panagakis sent a letter to State Farm (the "State Farm Letter") dated March 4, 2016, informing the company of a "global settlement" involving the Reas and a third claimant and stating that "Terence Rea and Jack Rea each received $5,750 and the third claimant received $8,500." (Doc. 15-4 at 1). Panagakis requested that State Farm (1) approve his clients' policy-limit settlement with Foremost and (2) waive its subrogation rights. (Doc. 15-4 at 1). State Farm did so in a letter dated March 11, 2016. (Doc. 15-5).

In her motion for summary judgment, Marrero argued that the foregoing facts established that her claim was settled at the latest on March 11, 2016, when State Farm gave its approval. (Doc. 15 at 4). More particularly, she argued that the February 5 letter constituted an offer to settle Rea's claim and the March 1 letter constituted an acceptance of that offer. (Doc. 15 at 6). But the terms of the March 1 letter differed from those of the February 5 letter. Among other things, the February 5 letter sought $20,000 to settle both claims, while the March 1 letter provided $5,750 to settle only Rea's claim. Because of these differences, the March 1 letter was not, as a matter of law, an acceptance of the offer contained in the February 5 letter. (Doc. 37 at 4-5).

As the Court noted in denying the motion for summary judgment, there is evidence that a settlement occurred, including the letter Panagakis sent to State Farm requesting approval of such a settlement with Foremost. (Doc. 15-4). But there were also things that pointed in the other direction, such as Rea's failure to cash the $5,750 checks issued by Foremost and the lack of a signed settlement agreement. Because genuine issues of material fact regarding the alleged settlement remained, the Court denied Marrero's motion for summary judgment. (Doc. 37 at 5-6).

As noted above, the Court intended to allow further discovery and hold an evidentiary hearing to resolve these disputed issues. But the parties stipulated that no such hearing was necessary; they said that no further discovery was required and that everything the Court needed to resolve the settlement issue had already been made a part of the record. (Doc. 40 at 1-2). Thus, the Court has the same record in front of it as it had when ruling on the motion for summary judgment. And on that record – with no firm explanation of how the settlement occurred, no signed settlement agreement or release, and so forth – the Court cannot conclude that it is more likely than not that Rea settled his claim against Marrero. Because State Farm has not satisfied its burden of establishing that the Court possesses subject matter jurisdiction, remand is required. In addition, the Court must vacate the orders it entered on substantive topics in this matter.

### IV. Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Court's orders denying the motion to remand and the motion for summary judgment (Doc. 26, 37) are **VACATED**. And it is further

**ORDERED** that this case is remanded, due to a lack of subject matter jurisdiction, to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 23, 2019.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE